**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC,

    Plaintiffs,

v.

EDWARD L. CAIN, JR., ANNA
KRISTEN WILLIAMSON, and
VICTOR & VICTOR, APC,

    Defendants.

CIVIL ACTION NO.
1:11-CV-00257-RWS

## **ORDER**

This case comes before the Court on Defendants Edward L. Cain, Jr. and Anna Kristen Williamson's Motion for Default Judgment [9], Defendant Victor & Victor, APC's Motion to Set Aside Default [13], and Defendants Cain and Williamson's Joint Motion for Summary Judgment against Defendant Victor & Victor [14]. After considering the Record, the Court enters the following Order.

## **Background**

This case is an interpleader action brought by Plaintiff Doffermyre Shields Canfield & Knowles, LLC ("DSC&K") pursuant to 28 U.S.C. §§ 1335,

1397, and 2361. (Compl., Dkt. No. [1] ¶ 1.) The facts in this case are straightforward.

## I. The Disputed Funds

In August of 2006, Defendant Cain retained Plaintiff DSC&K, a Georgia law firm, to represent him in an unrelated action against H&R Block in the State Court of Fulton County (the "state court action"). (Defs. Cain and Williamson's ("Defs. C&W's") Statement of Material Fact, Dkt. No. [15] ¶ 1.) This case was settled in April of 2010, resulting in proceeds in excess of $640,000 being deposited into Plaintiff DSC&K's law firm trust account. (Compl., Dkt. No. [1] ¶ 7; Affidavit of Robert E. Shields ("Shields Aff."), Dkt. No. [14-2] ¶ 5.) These settlement proceeds are the subject of this interpleader action.

Prior to its settlement, Defendant Victor & Victor filed in the state court action a "Notice of Priority Lien/ Assignment on Judgment/ Settlement Proceeds." (Shields Aff., Dkt. No. [14-2] ¶ 4.) This document appears to have been executed by Defendant Cain on March 26, 2009 and was filed in the state court action on December 8, 2009. (Compl. Ex. 1, Dkt. No. [1] at 10-13.) This document provides, among other things, the following:

2

> Plaintiff EDWARD L. CAIN, JR. hereby grants a priority lien and assignment on any and all Judgment Proceeds, Settlement Proceeds, Arbitration Award Proceeds and any and all other proceeds due to or received by Plaintiff in [the state court action] (after payment of Plaintiff's attorney's fees and costs) to Victor & Victor, APC, as set forth below:
>
> 1. Plaintiff EDWARD L. CAIN, JR. hereby permanently and irrevocably assigns to Victor & Victor, APC any and all judgment proceeds, settlement proceeds, arbitration award proceeds receivables [sic], funds, income and other amounts due to and/or received by Plaintiff from or in connection with the civil action entitled *Edward L. Cain, Jr., et al. v. H&R Block, Inc. et al.* (Georgia State Business Court, Fulton County Case Number 2009 CV 162592) after attorney's fees and costs.
>
> 2. The amount due to satisfy in full all obligations of Plaintiff to Victor & Victor, APC is $295,000.00 as of February 28, 2009. Such amount increases each month and Victor & Victor shall provide, upon request, a balance due as of the date of any such request.

(Id. at 10-11.) Defendant Victor & Victor claims an interest in the settlement proceeds by virtue of this document. (Def. Victor & Victor's ("Def. V&V's") Resp. to Defs. C&W's Mot. for Summ. J., Dkt. No. [19].)

It also appears from the Record that Defendants Cain and Williamson were formerly married and are now divorced. (Defs. C&W's Reply in Supp. of Mot. for Summ. J., Dkt. No. [24] at 2.) These Defendants entered into a divorce Settlement Agreement and Final Judgment and Decree of Divorce ("Divorce

3

Judgment"), the latter of which incorporates the Settlement Agreement by reference. (Exhibit 1 to Defs. C&W's Reply in Supp. of Mot. for Summ. J., Dkt. No. [24-1].) The Settlement Agreement was executed by Defendant Cain on November 4, 2010 and by Defendant Williamson on November 5, 2010, and the Divorce Judgment was filed in the Superior Court of Forsyth County, Georgia on December 15, 2010. (Id.) In a section governing the division of property, the Settlement Agreement references Defendant Victor & Victor's possible claim to the settlement proceeds and provides as follows:

> (b) Proceeds received from . . . <u>Edward L. Cain, Jr. v. H&R Block, Inc., et al.</u>, Superior Court of Fulton County Civil Action No.: 2009CV-162592.
>
> The parties acknowledge that the law firm of [DSC&K] is holding in its trust account the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) which is the remaining amounts resulting from the settlement of the aforementioned legal action in which Husband was a party. The parties have agreed to satisfy in full the amounts due to: [certain named persons not relevant to this action]. . . .
>
> The parties acknowledge that because of a possible claim by Robert Victor, Esq. from the law office of Victor & Victor in Woodland Hills, California in the amount of $596,887.16 (hereinafter referred to as the "Victor claim"), that $596,887.16 from such proceeds may not be distributed by the law firm of [DSC&K] until such possible claim is resolved. Notwithstanding, this Agreement shall serve as a full release by the parties authorizing the law firm of

4

AO 72A
(Rev.8/82)

> [DSC&K] to release the remaining funds as
> specifically enumerated below.
>
> After the aforementioned payments are made to [the named
> persons not relevant to this action], each of the parties shall
> be entitled to $10,306.42 from the remaining funds as
> equitable division of property. DSCK is hereby instructed to
> issue two separate checks in the parties' respective names to
> effectuate this division.
>
> Once the Victor claim is resolved, the remaining funds shall
> be deposited in an account in the parties' joint names . . . .

(Id.) Defendants Cain and Williamson claim to have an interest in the settlement proceeds by virtue of this Agreement that is superior to any interest of Defendant Victor & Victor. (Defs. C&W's Reply in Supp. of Mot. for Summ. J., Dkt. No. [24] at 3.)

## II. Procedural History

With relevance to the parties' motions concerning default, Defendant Victor & Victor executed a waiver of service, making its answer to the Complaint due on April 15, 2011. (Dkt. No. [4].) Defendant Williamson likewise waived service and was obligated to file an answer by April 15, 2011. (Dkt. No. [5].) Accordingly, on April 15, 2011, Defendant Williamson filed an answer. (Dkt. No. [6].) On March 2, 2011, Defendant Cain filed an answer

5

(Dkt. No. [7]),[1] and finally, on March 3, 2011, one day later, Defendant Victor & Victor filed its answer (Dkt. No. [8]). On the following day, March 4, 2011, Defendants Cain and Williamson jointly filed the Motion for Default Judgment [9] that is currently before the Court. Defendant Victor & Victor opposes this motion and has filed an alternative Motion to Set Aside Default [10], arguing that it can show good cause for its failure to file a timely answer.

In their Joint Motion for Summary Judgment [14], Defendants Cain and Williamson argue that Defendant Victor & Victor has no legal interest as a matter of law in the state court settlement proceeds. (Dkt. No. [14-1].) Specifically, Cain and Williamson contend that the document entitled "Notice of Priority Lien/Assignment on Judgment/Settlement Proceeds" is an attorney lien to which the settlement proceeds are not subject, given that they were not procured through the efforts of Defendant Victor & Victor, which played no role in Defendant Cain's state court representation. (Id. at 3.) Defendant Victor & Victor, on the other hand, argues that the document is not simply an attorney lien but an assignment, according to which Defendant Cain irrevocably pledged his interest in the settlement proceeds to Victor & Victor. (Def. V&V's Resp.

---

[1] It is not apparent from the record whether Defendant Cain waived service or when he was otherwise served with process, and thus it is not apparent to the Court when his answer was due and whether it was timely.

6

to Mot. for Summ. J., Dkt. No. [19].) The Court first will address the motions concerning default and then the motion for summary judgment.

## Discussion

**I.  Motion for Default Judgment [9] and Motion to Set Aside Default [13]**

The first two motions before the Court are Defendant Cain and Williamson's Motion for Default Judgment [9] and Defendant Victor & Victor's Motion to Set Aside Default [13]. As a threshold matter, the Court notes that no default has been entered in this case. At the same time, however, Defendant Victor & Victor failed to file a timely answer to the Complaint. This failure renders Victor & Victor subject to default. Accordingly, the Court will treat Victor & Victor as being in default and consider the issue presented by the parties' motions as an issue of whether the default should be set aside so as to allow Victor & Victor to pursue its claim on the merits. Such inquiry is governed by the "good cause" standard of Federal Rule of Civil Procedure 55(c).[2]

---

[2] Despite the styling of Defendants Cain and Williamson's motion as a "Motion for Default Judgment," in his reply brief, Cain refers to the motion as a "motion for entry of default" and states that the Court's consideration of the motion is governed by Rule 55(c). (Def. Cain's Resp. to Mot. to Set Aside Default and Reply in Supp. of Mot. for Default, Dkt. No. [17] at 1-2.) (Defendant Williamson "adopts and

7

Under Rule 55(c), the Court may set aside a default for "good cause." In determining whether "good cause" exists, courts focus on three factors: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). Courts have also considered "whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). "Underlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." Id.

Defendant Victor & Victor argues that it has good cause for failing to file a timely answer to the Complaint because it erroneously believed that a Georgia law firm was representing it and had filed an answer. (Def. V&V's Resp. to

---

incorporates" this brief in her own response and reply brief. (Dkt. No. [18] at 1.)) This reinforces the Court's conclusion that the issue presented by the parties' motions is best considered as whether to relieve Defendant Victor & Victor from its failure to file a timely answer and allow it to pursue its claims on the merits.

8

Defs. C&W's Mot. for Def. J., Dkt. No. [12] at 4.)[3] Victor & Victor explains that contemporaneous with the filing of this interpleader action, Defendant Cain attempted to initiate a criminal action against Mr. Robert M. Victor, principal and president of Victor & Victor, in Fulton County, Georgia.[4] (Affidavit of Robert M. Victor ("Victor Aff."), Dkt. No. [12-1] ¶¶ 2, 6.) Mr. Victor retained the law firm of Firestone & Morris, LLP to represent him in the criminal action and believed the firm was also representing Victor & Victor in the interpleader action. (Id. ¶ 6.) As a result of miscommunication, however, the Georgia law firm was under the belief that it had only been retained to represent Mr. Victor in the criminal action and did not file an answer to the interpleader Complaint on behalf of Victor & Victor. (Id. ¶ 7.)

In further support of its argument that good cause exists, Defendant Victor & Victor points to the fact that within one week of learning that no answer had been filed, it retained counsel and caused an answer to be filed. (Def. V&V's Resp. to Defs. C&W's Mot. for Def. J., Dkt. No. [12] at 4.)

---

[3] Defendant Victor & Victor incorporates by reference, in its Motion to Set Aside Default [13], the Introduction and Statement of Facts from its Response to Defendants Cain and Williamson's Motion for Default Judgment [12].

[4] A criminal warrant never issued (Affidavit of Robert M. Victor ("Victor Aff."), Dkt. No. [12-1] ¶ 6), and this attempted criminal action is not at issue in this case.

9

Specifically, Victor & Victor learned that no answer had been filed on its behalf on April 27, 2011. (Victor Aff., Dkt. No. [12-1] ¶ 7.) Within one week of this date, Victor & Victor retained counsel and an answer was filed on May 3, 2011. (Dkt. No. [8].) In light of its misunderstanding with the Georgia law firm, which caused its failure to file a timely answer, and its prompt action to correct this failure, Defendant Victor & Victor argues it has shown good cause for the Court to set aside any default. (Def. V&V's Resp. to Defs. C&W's Mot. for Def. J., Dkt. No. [12] at 8; Def. V&V's Mot. to Set Aside Default, Dkt. No. [13] at 2-3.)

The Court concludes that Defendant Victor & Victor has shown good cause for the Court to relieve it of its failure to file a timely answer. As a law firm, Defendant Victor & Victor should be aware of the Federal Rules of Civil Procedure and its obligation as a defendant to answer a complaint filed against it or else face default. However, under the facts in this case, the Court finds the aforementioned factors governing the Rule 55(c) inquiry are satisfied.

First, the Court finds that Victor & Victor's failure to file an answer was not willful but rather the result of its mis-communication with the Georgia law firm. This conclusion is reinforced by the fact that Victor & Victor promptly retained new counsel and caused an answer to be filed within one week of

10

learning that no answer had been filed. Furthermore, Victor & Victor took these steps to remedy its default *before* Defendants Cain and Williamson even brought the default to the Court's attention. This shows that Victor & Victor did not willfully fail to file a timely answer.

Second, the Court finds that setting aside the default would not prejudice Defendants Cain and Williamson, given that these Defendants did not seek relief from the Court for default until after Victor & Victor had filed its answer. This suggests that Defendants Cain and Williamson were not affected by the untimeliness of Victor & Victor's answer. Indeed, Defendant Cain himself had only answered the Complaint one day prior to Victor & Victor doing so. This reinforces the Court's conclusion that setting aside the default in this case would not prejudice the rights of Defendants Cain and Williamson.

Third, the Court finds that Victor & Victor has shown a potentially meritorious claim in this case arising out of Defendant Cain's assignment of his rights to the settlement proceeds to Victor & Victor. And finally, the Court recognizes that Defendant Victor & Victor took prompt action to remedy its potential default, and did so on its own initiative and not in reaction to Defendants Cain and Williamson's request for relief. The Court is also mindful of the fact that defaults are not favored in federal court.

11

In light of these considerations, the Court hereby denies Defendants Cain and Williamson's Joint Motion for Default Judgment and grants Defendant Victor & Victor's Motion to Set Aside Default.

## II.    Motion for Summary Judgment [14]

The final motion currently before the Court is Defendant Cain and Williamson's Motion for Summary Judgment.  As stated above, Cain and Williamson argue that the document entitled "Notice of Priority Lien/ Assignment on Judgment/Settlement Proceeds"–executed by Defendant Cain on March 26, 2009 and filed by Defendant Victor & Victor in the state court action on December 8, 2009–is merely an attorney lien and therefore gives Victor & Victor no rights to the state court settlement proceeds, which Victor & Victor did not help procure.  (Defs. C&W's Mot. for Summ. J., Dkt. No. [14-1] at 1-3). Defendant Victor & Victor, on the other hand, argues that the document is an assignment by which Defendant Cain irrevocably pledged his interest in the settlement proceeds to Victor & Victor.  (Def.' V&V Resp. to Mot. for Summ. J., Dkt. No. [19] at 1-2, 5.)  In their Reply Brief in support of their Motion for Summary Judgment, Defendants Cain and Williamson contend that "even if the document is a simple assignment of rights, as opposed to an attorney's lien, it

12

would not confer any priority to Victor & Victor over the interpleader funds." (Dkt. No. [24] at 2.)

The Court agrees with Defendant Victor & Victor and finds that Defendants Cain and Williamson are not entitled to judgment as a matter of law. On the contrary, the face of the document that Defendant Cain executed in favor of Defendant Victor & Victor appears to the Court to be an assignment of Defendant Cain's rights to the settlement proceeds to Victor & Victor. Defendants Cain and Williamson have put forward no evidence, and indeed have not argued, that this document is invalid or unenforceable, and the Court notes that this assignment was executed nearly one year before Defendants Cain and Williamson entered into the divorce Settlement Agreement and Decree. Based purely on the face of this document, the Court cannot say as a matter of law that Defendant Victor & Victor has no interest in the settlement proceeds. Accordingly, Defendant Cain and Williamson's Joint Motion for Summary Judgment is hereby denied.

## Conclusion

In accordance with the foregoing, the Court hereby **DENIES** Defendants Cain and Williamson's Motion for Default Judgment [9], **GRANTS** Defendant

13

Victor & Victor's Motion to Set Aside Default [13], and **DENIES** Defendants Cain and Williamson's Motion for Summary Judgment [14].

It is also hereby **ORDERED** that this case be **REFERRED** to Chief Magistrate Judge Janet F. King for referral to a Magistrate Judge for mediation.

**SO ORDERED**, this  13th  day of January, 2012.

*[signature]*
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)